IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ARKANSAS

KAREN GILES
CIRCUIT CLERK

GREGORY WHITNEY and
KIMBERLY WHITNEY

2013 NOV 14  AM 11: 48

PLAINTIFFS

v.  NO. CIV 2013-162

DAVID LEWIS;
SOUTHWESTERN ENERGY COMPANY; and
LEASE PLAN U.S.A., INC.                           DEFENDANTS

## COMPLAINT

Plaintiffs David and Kimberly Whitney, for their cause of action against the Defendants, state:

### I. STATEMENT OF JURISDICTION

1. This claim is brought pursuant to this Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction granted by A.C.A. § 16-13-201. Plaintiffs have suffered losses and damages in an amount in excess of any minimum requirement for federal court jurisdiction in diversity of citizenship cases.

2. Venue is proper under A.C.A. § 16-60-112 in that the incident herein complained of occurred in Cleburne County, Arkansas.

### II. PARTIES TO THE CLAIM

3. Plaintiffs are residents of White County, Arkansas.

4. At the time of the incident described further herein, Separate Defendant David Lewis was a resident of Redwater, Texas. At the time of the incident described herein, Separate Defendant David Lewis was acting in the course and scope of his employment with Separate Defendant Southwestern Energy Company.

5. At the time of the incident, Separate Defendant Southwestern Energy Company had a place of business located in Arkansas. Southwestern Energy Company is vicariously liable for the negligent acts of its employee, David Lewis.


EXHIBIT A

## III. STATEMENT OF THE CASE

6. On 7/17/2013 at approximately 1:50 P.M., Plaintiff, Greg Whitney, was operating a 2009 Yamaha Star Motorcycle 6.85 miles from the City of Heber Springs northbound on Highway 337. At the same time and place, Defendant, David Lewis, was driving a 2012 Model F150 Ford Pickup southbound on Highway 337. Defendant carelessly and negligently attempted to make a left turn onto Wagon Circle RV Park Entrance into Plaintiff's northbound land of travel impacting Plaintiff's motorcycle in disregard of the rights and safety of others.

## IV. NEGLIGENCE

7. The Defendant, David Lewis, was negligent, which was the proximate cause of the above described incident and Plaintiff's resulting damages in the following particulars:

   (a) in failing to keep a proper lookout;

   (b) in failing to keep the vehicle was driving under proper control;

   (c) in driving the said vehicle at a speed greater than was reasonable and prudent under the circumstances then existing;

   (d) in failing to exercise ordinary care for own safety and for the safety of others using the roadway;

   (e) in failing to take proper evasive action to avoid a collision;

   (f) in driving in a reckless manner in violation of A.C.A. § 27-50-308.

   (g) in failing to yield the right of way;

   (h) in turning into Plaintiff's lane of travel.

8. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the instant complaint. These charges are reasonable and were the usual and customary charges made for such services.

9. At all relevant times and places herein, Plaintiff exercised due care and was without negligence on his part.

## V. PROXIMATE CAUSE

10.     As a proximate result of the negligence and recklessness of the Defendant, David Lewis, the Plaintiff, Greg Whitney, sustained injuries.

## VI. DAMAGES

11.     At the time of the incident, Plaintiff was an able-bodied man who was gainfully employed and earning a livelihood for and contributing to family. As a proximate result of the incident caused by Defendants' negligence and recklessness, Plaintiff, Greg Whitney, was no longer able to meet the physical demands of vocation. As a result, Plaintiff, Greg Whitney, has lost and will lose income in a sum to be determined by the evidence presented at trial.

12.     Plaintiff claims he is entitled to recover for the following damages, all of which were proximately caused by the negligence of the Defendant:

(a)     damages for emotional distress suffered by Plaintiff after the injury and continuing through the present;

(b)     damages for pain and suffering visited upon the Plaintiff due to injuries;

(c)     damages for future pain and suffering;

(d)     compensatory damages for medical and other out of pocket expenses;

(e)     damages for medical expenses to be incurred in the future;

(f)     compensatory damages for lost wages;

(g)     compensatory damages for Plaintiff's loss of future income, including compensatory damages for any working time, earnings, profits, and salary lost, or reasonably certain to be lost in the future, as well as compensatory damages for the present value of any loss of ability to earn wages in the future; and

(h)     compensatory damages in the amount of for personal property for the damages Plaintiff's, motorcycle representing the difference between the fair market value immediately before and after the incident, including

consequential damages; and

(i) any and all other damages allowed under state and federal law.

13. Plaintiff, Kimberly Whitney, claims damages for loss of consortium.

## VII. DEMAND FOR JURY TRIAL

14. Plaintiffs respectfully demand a trial by jury.

WHEREFORE, Plaintiffs prays for judgment against the Defendants, David Lewis and Southwestern Energy Co., in an amount in excess of any minimum requirement for federal court jurisdiction in diversity of citizenship cases; post judgment interest where applicable; court costs, attorney fees, and for all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

_____
Gary Green
Ark Bar. No. 79074
LAW OFFICES OF GARY GREEN
1001 La Harpe Boulevard
Little Rock, Arkansas 72201
(501)224-7400